10-2626-ag
Zhu v. Holder

BIA
Schoppert, IJ
A099 686 818

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT A. KATZMANN,
>        SUSAN L. CARNEY,
>             *Circuit Judges*.

_____

PENG FEI ZHU, AKA ZHI YANG ZHOU,
>        *Petitioner*,

>        v.                                          10-2626-ag
>                                                     NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Eric Y. Zheng, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Peng Fei Zhu, a native and citizen of China, seeks review of a June 15, 2010 decision of the BIA affirming the July 22, 2008 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Peng Fei Zhu*, No. A099 686 818 (B.I.A. June 15, 2010), *aff'g* No. A099 686 818 (Immig. Ct. N.Y. City July 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007); *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, because Zhu failed to challenge the IJ's denial of CAT relief in his appeal to the BIA, we

are without jurisdiction to consider his challenge to the denial of that relief.  8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).  Accordingly, we address only the agency's denial of asylum and withholding of removal on credibility grounds.

For asylum applications such as Zhu's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) ("For cases filed after May 11, 2005 . . . an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").  We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

3

In this case, substantial evidence supports the agency's adverse credibility determination. In finding Zhu not credible, the agency reasonably relied on an inconsistency between documentary evidence and the testimony of Zhu and his witness. As the agency found, Zhu submitted a letter, written by his witness Reverend Tsang, stating that Zhu had been attending his church in the United States since March 2005, which conflicted with Tsang's testimony that Zhu had been attending his church since March 2007 and Zhu's testimony that he did not enter the United States until October 2005. A reasonable fact-finder would not be compelled to credit Zhu's explanation that Tsang made an error given Tsang's testimony that Zhu provided him with the relevant dates. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also reasonably relied on an implausibility finding given that Zhu testified that he traveled to Malaysia to seek asylum and to obtain a Haitian visa, but returned to China three or four days later, having been

4

unable to obtain either relief, where he almost immediately obtained a Haitian visa.  While Zhu submitted two letters, one from his father and one from a friend in China, both of which described the events leading to Zhu's departure from China and travel to the United States, neither letter made reference to Zhu's trip to Malaysia and thus the implausibility finding is sufficiently grounded in the record.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, even a single fact, viewed in the light of common sense and ordinary experience.").

In addition to the inconsistency and implausibility findings, the agency reasonably relied on Zhu's failure to corroborate his claims in finding him not credible.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  Zhu testified that he first formed his intent to leave China in May 2005, after he was detained and beaten, but explained he had obtained a Chinese passport in January 2005 because his parents thought about sending him abroad to further his education.  His father's letter, however, indicated that his father and mother did not decide to send

5

him abroad until July 2005, and that decision was made to protect him, not for educational reasons.  Because Zhu could have obtained a letter from his father to corroborate this point, the agency did not err in finding that he should have submitted additional evidence.  *See Biao Yang,* 496 F.3d at 273 ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The IJ properly relied on the cumulative effect of the inconsistency, implausibility, and lack of corroboration in finding Zhu not credible.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may base a credibility determination on "the totality of the circumstances, and all relevant factors"); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006).  Moreover, a reasonable fact-finder would not be compelled to accept Zhu's explanation for the inconsistency.  The totality of the circumstances therefore supports the agency's adverse credibility determination, and we defer to that finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  Thus,

6

we find no error in the agency's denial of asylum and withholding of removal on credibility grounds. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7